USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/11/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE MARTINEZ,

       Petitioner,

 - against -

UNITED STATES OF AMERICA,

       Respondent.

96-cr-959 (JGK)
18-cv-8277 (JGK)

MEMORANDUM OPINION &
ORDER

JOHN G. KOELTL, District Judge:

Jose Martinez, the petitioner, brings this pro se motion under 28 U.S.C. § 2255 challenging his conviction and sentence for using a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c). For the reasons that follow, the Court transfers this action to the Court of Appeals for the Second Circuit.

I.

In October 1997, the petitioner was convicted by a jury of conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5); murder of two victims in aid of racketeering in violation of 18 U.S.C. § 1959(a)(1); using a firearm in connection with a crime of violence in violation of 18 U.S.C. § 924(c); and transporting a firearm in interstate commerce while under indictment for a felony in violation of 18 U.S.C. § 922(n). Rodriguez v. United States, Nos. 02cv8064, 02cv8065, 2006 WL 2709781, at *1 (S.D.N.Y. Sept. 21, 2006).

The evidence at trial demonstrated, among other things, that the petitioner and his codefendant, Juan Rodriguez, shot and killed two individuals in connection with a drug trafficking enterprise based in Camden, New Jersey. See United States v. Rodriguez, 182 F.3d 902 (2d Cir. 1999) (summary order). Witnesses at trial indicated that the murders were the result of a conflict over a $900,000 debt that the defendants owed to the victims. Id. The district court, then Judge Cedarbaum, sentenced the petitioner to life imprisonment on all counts except for the § 924(c) count, for which the district court imposed a consecutive term of five years' imprisonment. Rodriguez, 2006 WL 2709781, at *1.

The petitioner appealed his judgment of conviction arguing that the evidence at trial was insufficient to support his conviction; that the Government violated the federal anti-gratuity statute, 18 U.S.C. § 201(c)(2), when it introduced certain testimony; and that the district court erred in admitting certain evidence obtained in a search of his codefendant's home and garage. Rodriguez, 182 F.3d 902 (2d Cir. 1999). The Court of Appeals affirmed the petitioner's convictions on all counts. Id.

The petitioner filed his first motion under 28 U.S.C. § 2255 in October 2002. The petition was signed in September 2002. Judge Cedarbaum dismissed that § 2255 motion holding that

2

the motion was time-barred, did not raise an actual innocence claim, and that no exception to the one-year statute of limitations applied. Wolf Decl. Ex. B.

Together, the petitioner and Rodriguez brought additional motions under § 2255 in May 2004, August 2004, September 2004, February 2005, and June 2005. On March 20, 2006, Judge Cedarbaum referred these additional submissions to the Court of Appeals for the Second Circuit because the additional petitions were "second or successive habeas corpus petitions." Wolf Decl. Ex. C. On February 28, 2007, the Court of Appeals denied the petitioners' motions to file a successive habeas petition. Wolf Decl. Ex. D.

In April 2006, the petitioner and Rodriguez filed a motion under Federal Rule of Civil Procedure 60(b) to vacate or set aside Judge Cedarbaum's order denying the 2002 habeas petitions and the March 20, 2006 order transferring their subsequent motions to the Court of Appeals. Judge Cedarbaum held that the Rule 60(b) motion was without merit because the 2002 habeas petition was without merit. Rodriguez, 2006 WL 2709781, at *1.

The petitioner then sought leave to amend the order denying his Rule 60(b) motion pursuant to Federal Rule of Civil Procedure 59(e). Judge Cedarbaum denied the petitioner's motion on October 26, 2006. Wolf Decl. Ex. G.

The petitioner brought the current § 2255 motion on August 31, 2018, arguing that his conviction under 18 U.S.C. § 924(c) for using and carrying a firearm during and in relation to a crime of violence is invalid based on the Supreme Court's decision in Sessions v. Dimaya, 138 S. Ct. 1204 (2018). See 96cr959, Dkt. No. 128. The petitioner also claims that his § 924(c) conviction is duplicitous under In re Gomez, 830 F.3d 1225 (11th Cir. 2016), because he was charged with two predicate crimes of violence -- murder and conspiracy to commit murder -- to support a single § 924(c) offense. The petitioner recently moved to stay his petition, see 96cr959, Dkt. No. 133, pending the Supreme Court's decision in United States v. Davis, 139 S. Ct. 782 (2019) (granting certiorari), a case in which the Supreme Court agreed to review the question whether 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague in its reference to a "crime of violence."[1] See Petition for a Writ of Certiorari, United States v. Davis, No. 18-431, 2018 WL 4896751, at *1.

The Government offered a number of responses to the current § 2255 motion, including that the motion is a successive habeas petition and that the petitioner has not obtained an order from the Court of Appeals authorizing this Court to consider the motion. See 28 U.S.C. § 2255(h).

---

[1] The opinion below is reported at United States v. Davis, 903 F.3d 483 (5th Cir. 2018).

4

## II.

Under 28 U.S.C. § 2255, a petitioner may challenge his sentence if it was "imposed in violation of the Constitution or laws of the United States," was imposed without jurisdiction, exceeds the maximum sentencing penalty, or is otherwise subject to collateral attack. However, to curb second or successive habeas petitions, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended § 2255 to require that successive petitions brought under that provision "be certified as provided in section 2244 by a panel of the appropriate court of appeals." Pub. L. No. 104-132, April 24, 1996, 110 Stat. 1214, 1220 (1996) (amending 28 U.S.C. § 2255).

Section 2244 requires that petitioners "move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). For a petitioner to proceed in the district court with a second or successive petition, the motion must be certified by the Court of Appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h)(1)-(2). The petitioner has not indicated that he sought such an order from the Court of Appeals. The operative question is therefore whether the current petition is "second or successive."

AEDPA does not define "second or successive" petition. Corrao v. United States, 152 F.3d 188, 191 (2d Cir. 1998). The Second Circuit Court of Appeals has held that a motion or petition brought under § 2255 "is 'second or successive' if a prior § 2255 petition, raising claims regarding the same conviction or sentence, has been decided on the merits." Id. "[W]hen a prior petition is denied because the claim raised is procedurally defaulted (i.e., the petitioner failed to raise the claim on direct appeal and has not made a showing of cause and prejudice for that failure), the denial is 'on the merits,' rendering a subsequently filed petition 'second or successive.'" Graham v. Costello, 299 F.3d 129, 133 (2d Cir. 2002) (citation omitted). Similarly, a petition that has been dismissed "as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes." Villanueva v. United States, 346 F.3d 55, 61 (2d Cir. 2003).

As explained above, the petitioner has already challenged his sentence and conviction multiple times. Judge Cedarbaum considered and denied the petitioner's first § 2255 petition on

the merits. see Wolf. Decl. Ex. B. (Order of Judge Cedarbaum denying the petitioner's § 2255 motion as time-barred); see also Rodriguez, 2006 WL 2709781, at *1 (Opinion of Judge Cedarbaum, explaining that the petitioner's original "habeas corpus petition has no merit"). The Court of Appeals has denied several applications by the petitioner for leave to file successive habeas petitions. See Wolf Decl. Ex. D (mandate issued February 28, 2007); Ex. E (mandate issued September 13, 2012); Ex. F (mandate issued January 29, 2016). Accordingly, this is a successive habeas petition and the petitioner must obtain an order from the Court of Appeals authorizing this Court's review. See Villanueva, 246 F.3d at 61; Graham, 299 F.3d at 132 (2d Cir. 2002); Corrao, 152 F.3d at 191.

The appropriate remedy is for this motion to be transferred to the Second Circuit Court of Appeals under 28 U.S.C. § 1631, so that the Court of Appeals may consider whether to authorize the petitioner to file his successive § 2255 petition with this Court. See Liriano v. United States, 95 F.3d 119, 122-23 (2d Cir. 1996).

## CONCLUSION

The Clerk of Court is directed to transfer this matter to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631.

**SO ORDERED.**

Dated:    **New York, New York**
             **April 11, 2019**

_____
John G. Koeltl
United States District Judge